Curia, per
Nott, J.
In this case it is the opinion of the Court that the decree of the Chancellor ought to be © ^v affirmed. Mrs Gibbes is the only appellant, and the ground on which she relies is, that having been five years in possession she is protected by the statute limitations. A mortgage of land in this state does not convey a fee, even after the time of redemption is past. The legal title still remains in- the mortgagor, and the *398 land is only considered as a pledge to secure the payment of the money. The mortgagor must therefore be considered as a trustee for the mortgagee, and cannot be considered as holding adversely. And a purchaser hav-jng a knowledge of the trust places himself in the same . . P , , r. situation, making himself thereby a trustee. Murray v. Ballou, 1 Johns. Cha. Rep. 575. 3 Vern. 271. 2 Fonbl. 152. The act requiring mortgages to be recorded was in-for the purpose of giving , notice to creditors and subsequent purchasers. And as the mortgage in this case was recorded, we must consider the defendant as a uur-chaser with notice, and as holding subject to that in-cumbrance. She purchased only'what we usually call the equity of redemption, though under our act it is a legal not an equitable right. And although she has the title, still it is subj’ect to that lien with the right to redeem. Upon any other construction a person selling on a long credit might lose his security before the right to foreclose would accrue, for thé purchaser might be in possession five years before the debt had become due.
The legal title is still m the mortgagor, tee°for mortgagee, hold trust ^Mior can anyone who fromhim with mortga«-eftIle
gage being1" notice to a* purchaser,
This case is supposed to come within the principle laid down in the cases of Smith v. M’Ra, 2 Bay, 339, and Cholett v. Hart, 2 Bay, 160, where it was held that the statute of limitations would protect a purchaser against a judgment or execution creditor. It must be confessed that there is some analogy in the cases, though not so striking, as would at first appear. Judgments and executions are liens on all a man’s property, but not specific liens on any particular part. It would not be permitted that a creditor with a judgment or execution, for a thousand dollars for instance, should hold it as a net thrown .over an estate of perhaps twenty thousand dollars, ready to draw in such . part ás he might think proper at any indefinite period of time. The Court did wisely therefore in those cases, to quiet the purchaserin *399 his possession. Their error was, perhaps, in suffering personal property, in the hands of a bona fide purchaser, to remain subject to a dormant execution for such a length of time. But the rule does not apply to this case where there was a lien on the specific property of which the purchaser had notice. The motion therefore must be refused.

Decree affirmed.